IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

APRIL ALOTAIBI,

    Plaintiff,

v.                                                               Civil Action No.: 4:25-cv-05214

ICE EMBASSY, INC. d/b/a THE
COLORADO BAR AND GRILL,
MADISON E. FONTENOT,
and DAKOTA J. FONTENOT,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, APRIL ALOTAIBI, (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL, MADISON E. FONTENOT, and DAKOTA J. FONTENOT (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### SUMMARY

1.     Defendants operate a gentlemen's club and sports bar in Houston, Texas. Plaintiff worked for Defendants as a server between April 20, 2023 and January 29, 2025. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff the required federal minimum wage for each hour she worked, illegally withheld and took a portion of Plaintiff's tips, and then retaliated against Plaintiff by terminating her employment, in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff against her former employers for unpaid wages, theft of tips, retaliation, and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants MADISON E. FONTENOT and DAKOTA J. FONTENOT are residents of Harris County, Texas, Defendant ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL maintains its principal place of business in Harris County, Texas, and a substantial portion of the events giving rise to this matter occurred in Harris County, Texas.

## THE PARTIES

5. Plaintiff APRIL ALOTAIBI is an individual residing in Harris County, Texas and worked as a server for ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL within the last three years.

6. Plaintiff APRIL ALOTAIBI was employed by Defendants from

approximately April 20, 2023 to January 29, 2025, as a Server paid at the regular rate of $2.13 per hour plus tips.

7. Defendant ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL is a domestic for-profit corporation formed and existing under the laws of the State of Texas.

8. At all times material hereto, Defendant ICE EMBASSY, INC. owned and operated a gentlemen's club and sports bar operating under the business name THE COLORADO BAR AND GRILL which is located at 6710 Southwest Freeway in Houston, Harris County, Texas (the "Club").

9. Defendant MADISON E. FONTENOT is an individual residing in Harris County, Texas, and at all times material to this matter was a managing member of ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL.

10. Defendant DAKOTA J. FONTENOT is an individual residing in Harris County, Texas, and at all times material to this matter was a managing member of ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL.

11. Defendants MADISON E. FONTENOT and DAKOTA J. FONTENOT are individuals who at all times relevant to this matter acted directly or indirectly in the interest of ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL in relationship to Plaintiff. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

12. Defendants MADISON E. FONTENOT and DAKOTA J. FONTENOT, (1)

possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendants MADISON E. FONTENOT and DAKOTA J. FONTENOT are statutory employers under the FLSA.

13. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff was employed.

14. Throughout Plaintiff's employment, Defendant ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. Throughout Plaintiff's employment, Defendant ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant ICE EMBASSY, INC. d/b/a THE COLORADO BAR AND GRILL's employees handled goods which were part of interstate commerce such as liquors imported from outside the United States.

16. Throughout Plaintiff's employment, Defendants were the employers of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

17. Plaintiff re-alleges and incorporates herein the allegations contained in

Paragraphs 1 through 16 above.

18. At all times material to this claim, the Defendants applied the tip credit permitted under the FLSA and paid its servers $2.13 per hour.

19. The Defendants unlawfully retained 20% of all tips left by customers for the benefit of Plaintiff. Despite retaining 20% of all tips customers left for Plaintiff, Defendants claimed a tip credit. Such an arrangement is prohibited under the FLSA, *see* 29 U.S.C. §203(m)(2)(B).

20. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 6 of the Fair Labor Standards Act by retaining the tips earned by Plaintiff, and by failing to compensate Plaintiff at a rate not less than the current minimum wage of $7.25 an hour for each hour worked in a workweek.

21. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of retained tips and unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of unlawfully retained tips and minimum wages which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees,

costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, APRIL ALOTAIBI, demands Judgment against Defendants, jointly and severally, for the following:

    a.    Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

    b.    Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

    c.    Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

    d.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

25. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 16 above.

26. On July 20, 2024, Plaintiff received a tip from a single customer in the amount of $15,000.00 (the "Tip"). The customer paid the Tip with his American Express credit card.

27. Approximately two weeks following Defendants' receipt of the Tip, Plaintiff was informed by Madison Fontenot that the customer disputed the tab and the Club had received a "charge back" from American Express so Plaintiff would not be receiving her Tip yet. She further told Plaintiff that American Express wanted evidence that the

customer was at the Club when the charge was made and that the Club had sent all the documents to American Express to appeal the dispute.

28. On or about September 10, 2024, Plaintiff asked Madison Fontenot if she had heard anything back from American Express. Madison Fontenot replied that she had not heard anything back from American Express yet since they were still investigating and claimed that the dispute went to a different department and she did not know the timeframe of how long American Express would take.

29. On or about October 8, 2024, Plaintiff again asked Madison Fontenot if she had heard from American Express on the appeal of the dispute. Madison Fontenot replied that she was sick, hadn't gotten to it, and was out of town so she hadn't had time.

30. On or about October 30, 2024, Plaintiff again asked Madison Fontenot if she had heard anything from, or followed up with, American Express. Plaintiff further told Madison Fontenot that the Club's full-service POS system provider, ChargeSavvy, would help the Club fight the dispute because its system helps with chargebacks knowing that if everything is done in writing correctly, ChargeSavvy pays for the tab, similar to insurance for companies. Madison Fontenot responded to Plaintiff claiming that American Express wanted video footage of the customer's attendance at the Club, but the Club did not have any.

31. On December 2, 2024, Plaintiff again asked via a text message to Madison Fontenot if she had heard anything back from American Express on the disputed tab and when they could expect to receive the money. The next day, Plaintiff received a text

message from Madison Fontenot stating that she was "extremely sick," but not addressing the questions Plaintiff had posed.

32. On or about December 18, 2024, while at the Club, Plaintiff met with Madison Fontenot to discuss the disputed tab and the status of the Club paying her for her Tip. During their conversation, Madison Fontenot told Plaintiff that she would pay Plaintiff for the Tip, but that Plaintiff would no longer work for the Club and needed to sign a piece of paper that Ms. Fontenot brought with her into the office in exchange for the money. Plaintiff was alarmed by this and did not sign the paper.

33. On January 8, 2025 and January 9, 2025, Plaintiff followed-up with Madison Fontenot regarding the disputed tab and when she would receive her payment of the Tip. Ms. Fontenot told Plaintiff that she would get with Joanna Gonzalez, Accounting Manager, to see about getting the Tip paid and that she had directed Ms. Gonzalez to prepare for the payment.

34. On January 23, 2025, Plaintiff again followed up with Madison Fontenot via text message asking about the status of the payment of her Tip. Ms. Fontenot responded that, "Joanna hasn't gone to bank yet this week. I will see when she is going."

35. Over the next several days on January 24, 2025, January 26, 2025, and January 27, 2025 Plaintiff again reached out to Madison Fontenot several times via text messages and phone calls as to when she would be receiving her Tip. Ms. Fontenot ignored these messages until finally responding on January 27, 2025, "Geneva. I just told Nicole to get with you. I cannot deal with this at the moment."

36. On January 28, 2025, Plaintiff contacted Nicole Lopez, General Manager, regarding the Tip and the status of her receiving payment, to which Ms. Lopez replied that Ms. Fontenot had not spoken to her about the Tip or told her anything.

37. On January 28, 2025, following this conversation, Plaintiff sent a text message to Madison Fontenot regarding her conversation with Ms. Lopez and asking what was going on, to which she received no response for several hours. Plaintiff then went to the Club to speak with Madison Fontenot and Nicole Lopez as she had been informed they were at the Club. Upon her arrival, Plaintiff began asking about the Tip, Ms. Fontenot and Ms. Lopez began shouting at her telling her that she did not have to discuss the matter with Plaintiff, the matter was above her pay grade, and that they did not have to pay her the Tip.

38. On January 29, 2025 at 10:48 a.m., Plaintiff received a text message from Nicole Lopez that her employment was being terminated. When Plaintiff asked Ms. Lopez why she was being terminated, she was told that Defendants did not need her anymore and gave no further explanation other than they did not want to give her a write-up or explain further.

39. Defendants fired Plaintiff in retaliation for complaining about not receiving the Tip.

40. Defendants' stated reason for terminating Plaintiff's employment is false and a pretext for terminating Plaintiff for her complaint about not being paid her tips in violation of the FLSA.

41. The acts described in the above paragraphs violate the Fair Labor Standards

Act which prohibits retaliation. *See* 29 U.S.C. § 215.   As a result of Defendants' unlawful actions alleged herein, Plaintiff has been damaged.

42. Defendants' actions as alleged herein were willful and the Defendants failed to act reasonably to comply with the FLSA.

43. As a result of Defendants' unlawful conduct, Plaintiff is entitled to, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

44. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff her lost wages, an award of liquidated damages, and attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff such other and further relief as the Court deems just and proper.

d. Ordering Plaintiff be reinstated in her previous position at the same pay rate and benefits she had at the time of her termination.

## JURY TRIAL DEMAND

Plaintiff APRIL ALOTAIBI demands a jury trial on all issues so triable.

Respectfully submitted this October 31, 2025.

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
charles@rosslawpc.com